1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OREN HAMLETT,

11            Plaintiff,                    No. 2:12-cv-0140 EFB

12        vs.

13   CAROLYN W. COLVIN,[1] Acting
     Commissioner of Social Security,

14
              Defendant.                    ORDER
15   _____/

16        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying her applications for a period of disability and Disability Insurance

18   Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the

19   Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the

20   reasons discussed below, the court grants plaintiff's motion and remands the matter for further

21   proceedings.

22   ////

23   ////

24   _____

25        [1] Michael J. Astrue was previously named defendant.  Carolyn W. Colvin has replaced
     Astrue and is presently the acting Commissioner of Social Security.  Pursuant to Rule 25(d), Fed.
26   R. Civ. P., Carolyn W. Colvin is automatically substituted as defendant in this action.

I.       BACKGROUND

Plaintiff applied for a period of disability, DIB, and SSI benefits on July 9, 2009, alleging that he had been disabled since April 20, 2009.  Administrative Record ("AR") 109-119.  Plaintiff's applications were initially denied on October 21, 2009, and upon reconsideration on April 5, 2010.  *Id.* at 43-47, 50-54.  On April 8, 2011, a hearing was held before administrative law judge ("ALJ") L. Kalei Fong.  *Id.* at 24-38.  Plaintiff was represented by counsel at the hearing, at which he testified.  *Id.*

On December 30, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(I), 223(d), and 1614(a)(3)(A) of the act.[2]  *Id.* at 12-19.  The ALJ made the

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert,* 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

following specific findings:

1.  The claimant meets the insured status requirement of the Social Security Act through December 31, 2013.

2.  The claimant has not engaged in substantial gainful activity since April 20, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic lower back pain (20 CFR 404.1520(c) and 416.920(c)).

...

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

...

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the fully range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) (Exhibits 4F, 9F and 15F).

...

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

...

7.  The claimant was born [in] 1959 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "non disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569. 4041569(a), 416.969, and 416.969(a)).

...

1   11.  The claimant has not been under a disability, as defined in the Social Security
2   Act, from April 20, 2009, through the date of this decision (20 CFR 404.1520(g)
    and 416.920(g)).

3   *Id.* at 12-18.

4   Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 92, and on

5   November 18, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final

6   decision of the Commissioner.  *Id*. at 1-3.

7   II.  LEGAL STANDARDS

8   The Commissioner's decision that a claimant is not disabled will be upheld if the findings

9   of fact are supported by substantial evidence in the record and the proper legal standards were

10  applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

11  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

12  180 F.3d 1094, 1097 (9th Cir. 1999).

13  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

14  conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

15  more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

16  (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

17  support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

18  *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

19  "The ALJ is responsible for determining credibility, resolving conflicts in medical

20  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

21  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

22  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

23  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

24  ////

25  ////

26  ////

4

1  III. <u>ANALYSIS</u>

2      Plaintiff argues that the ALJ erred in (1) rejecting the opinions of his treating and

3  examining physicians, (2) discrediting plaintiff's subjective complaints, and (3) failing to further

4  develop the record.  Pl.'s Mot. for Summ. J., Dckt. No. 14 at 9-18.[3]

5      Plaintiff first contends that the ALJ failed to accord the appropriate weight to the

6  opinions of treating physician Dr. Heintich and examining physicians Drs. Fieser and Colon.

7  Dckt. No. 14 at 9.  The weight given to medical opinions depends in part on whether they are

8  proffered by treating, examining, or non-examining professionals.  *Lester v. Chater*, 81 F.3d 821,

9  830 (9th Cir. 1996).  Ordinarily, more weight is given to the opinion of a treating professional,

10  who has a greater opportunity to know and observe the patient as an individual.  *Id.*; *Smolen v.*

11  *Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a

12  medical opinion, in addition to considering its source, the court considers whether (1)

13  contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ

14  may reject an uncontradicted opinion of a treating or examining medical professional only for

15  "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a

16  treating or examining professional may be rejected for "specific and legitimate" reasons that are

17  supported by substantial evidence.  *Id.* at 830.  While a treating professional's opinion generally

18  is accorded superior weight, if it is contradicted by a supported examining professional's opinion

19  (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.

20  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d

21  747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical

22  findings as a treating physician, but differs only in his or her conclusions, the conclusions of the

23  examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.

24  2007).

25  _____

26      [3]  The page numbers cited herein refer to those assigned by the court's electronic filing
    system and not those assigned by the parties.

On February 5, 2011, plaintiff's treating physician, Dr. Mark Heinrich, completed a Physical Residual Function Capacity Evaluation form.  AR 257-61.  Dr. Heinrich diagnosed plaintiff with lower back pain.  *Id*. at 257.  It was Dr. Heinrich's opinion that plaintiff could only sit for 20 minutes in an 8-hour workday; stand/walk for 20 minutes in an 8-hour workday; sit in one position for only 20 minutes; stand/walk for 20 minutes at one time; lift 10 pounds occasionally and 5 pounds frequently; occasionally bend, stoop, crouch, and kneel; frequently balance, but never climb or crawl.  *Id*. at 258.  He also opined that plaintiff was limited in reaching, handling, feeling, pushing, and pulling and that plaintiff's attendance at work over a 5-day week would be inconsistent or sporadic due to expected exacerbation of his condition.  *Id.* at 258-59.  Dr. Heinrich also stated that plaintiff's prognosis was stabilizing.  *Id*. at 260.

On August 27, 2009, examining physician Dr. Carl Fieser completed a comprehensive orthopedic evaluation.  *Id*. at 197-201.  Dr. Fieser diagnosed plaintiff with chronic low back pain with lumbar paraspinal spasms and limitations of lumbar range of motion.  *Id*. at 200.  He also stated that it was likely that plaintiff had lumbar facet syndrome.  *Id*.  It was Dr. Fieser's opinion that plaintiff could stand/walk for 3 hours in an 8-hour workday; sit for 5 hours in an 8-hour workday; lift 10 pounds both frequently and occasionally; and had no postural, manipulative, visual, communicative, or environmental limitations.  *Id*. at 200-01.

Claimant also underwent a neurological consultative examination conducted by Dr. Omar Mora Colon on May 21, 2011.  *Id*. at 304-06.  Dr. Colon diagnosed plaintiff with chronic lower back pain.  *Id*. at 306.  He opined that plaintiff could stand and walk up to 6 hours in an 8-hour day; sit up to 6 hours in an 8-hour day, lift 10 pounds occasionally and frequently; and occasionally climb, balance, stoop, kneel, crouch, and crawl.  *Id*.

The record also contains the opinions of two non-examining physicians, Dr. Acinas and Dr. Jaituni.  Dr. Acinas opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand/walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; frequently balance and climb ramps and stairs; and occasionally stoop, kneel, crouch,

crawl and climb ladders, ropes and scaffolds. *Id*. at 203-206. Dr. Acinas also opined that plaintiff was not limited in pushing and pulling. *Id*. at 203. Dr. Jaituni reviewed the evidence and found that Dr. Acinas' assessment was appropriate. *Id*. at 256.

The ALJ gave reduced weight to the opinions of Drs. Heinrich, Fieser, and Colon, while giving great weight to the opinions of non-examining physicians Drs. Acinas and Jaituni. *Id*. at 17. Because the opinions of Drs. Heinrich, Fieser, and Colon were contradicted, at least in part, by the opinions provided by the two non-examining physicians, the ALJ was required to provide specific and legitimate reasons for rejecting these treating and examining opinions.

After providing a thorough summary of Dr. Heinrich's opinion, the ALJ provided the following explanation for why the opinion was only afforded minimal weight:

> It is important to mention that he found that the claimant's prognosis was stabilizing, which tends to suggest that treatment had been somewhat successful in controlling his symptoms. The undersigned finds Dr. Heinrich's opinion inconsistent with the claimant's treatment history and with the record as a whole. For these reasons, the undersigned affords this opinion little weight.

*Id*. at 17. What in particular in the treatment history, or the record as a whole, that contradicts or undermines Dr. Heinrich's opinion is not explained.

The sufficiency of the ALJ's first reason for rejecting Dr. Heinrich's opinion is dubious. The form completed by Dr. Heinrich asked for plaintiff's prognosis and provided the following possible answers: worsening, stabilizing, and improving. *Id*. at 260. Dr. Heinrich checked the box indicating that plaintiff's prognosis was stabilizing. *Id*. Though this evidence shows that plaintiff's condition was not getting worse, it also shows that plaintiff's condition was not improving. This evidence merely establishes that it was Dr. Heinrich's opinion that plaintiff's back condition was not changing. It provides no insight as to whether medication was controlling plaintiff's symptoms or impacted his functional capacity. The ALJ's reliance on Dr. Heinrich's opinion that plaintiff's prognosis was stabilizing did not provide a legitimate basis for rejecting his medical opinion.

////

1   The ALJ next observed that Dr. Heinrich's opinion was inconsistent with plaintiff's

2   treatment history.  An ALJ may reject the opinion of a treating physician who prescribed

3   conservative treatment, yet opines that a claimant suffers disabling conditions.  *Rollins v.*

4   *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  Dr. Heinrich opined that plaintiff had severe

5   debilitating impairments.  For example, Dr. Heinrich opined that plaintiff could only stand, sit,

6   and walk for 20 minutes in an 8-hour workday.  However, as observed by the ALJ, plaintiff was

7   "prescribed medication, but . . . had not been treated with injections, surgeries, physical therapy,

8   or seen for an orthopedic evaluation."  AR 16.  The inconsistency between the assessed

9   limitations and the conservative course of treatment can provide a legitimate basis for rejecting

10  Dr. Heinrich's opinion where the record does not otherwise support the doctor's opinion.

11  Lastly, the ALJ stated that he rejected Dr. Heinrich's opinion because it was inconsistent

12  with the record as a whole.  This reason, without further elaboration, does not constitute a

13  specific and legitimate reason for rejecting Dr. Heinrich's opinion.  An ALJ may satisfy his

14  burden of providing specific and legitimate reasons for rejecting a contradicted medical opinion

15  "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

16  stating his interpretation thereof, and making findings."  *Embrey v. Bowen*, 849 F.2d 418 (1988).

17  As explained by the Ninth Circuit:

18          To say that medical opinions are not supported by sufficient objective findings
            does not achieve the level of specificity our prior cases have required, even when
19          the objective factors are listed seriatim.  The ALJ must do more than offer his
            own conclusions.  He must set forth his own interpretation and explain why he,
20          rather than the doctors, are correct.

21  *Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

22          The ALJ, rather than identifying specific evidence that undermines the severe limitations

23  assessed by Dr. Heinrich, simply offered his conclusion, without explanation, that Dr. Heinrich's

24  opinion was not supported by the evidence of record.  Accordingly, this conclusory reason does

25  not constitute a legitimate basis for rejecting Dr. Heinrich's opinion.

26  ////

1    Plaintiff also contends that the ALJ erred in rejecting the opinion of Dr. Fieser.  In

2    addressing Dr. Fieser's opinion, the ALJ stated, "The undersigned finds that his opinion is also

3    inconsistent with the claimant's treatment history and with the record as a whole."  AR 17.

4    Although this reason might have provided a sufficient basis for rejecting plaintiff's treating

5    physician's opinion where doing so is supported by the overall record, the same is not true for Dr.

6    Fieser's examining opinion.  Moreover, the rejection of the consultative doctor's opinion in

7    addition to that of the treating doctor further undermines the ALJ's finding and suggest that the

8    ALJ is merely offering his own medical opinion in place of the physicians'.

9    In *Rollins*, the Ninth Circuit held that a treating physican's opinion that a claimant suffers

10   from debilitating impairments may be rejected where only conservative treatment is prescribed.

11   *Rollins*, 261 F.3d at 856.  The court explained that [t]hese are not the sort of . . .

12   recommendations one would expect to accompany a finding that Rollins was totally disabled

13   under the Act."  *Id*.

14   Here, however, Dr. Fieser was an examining physican that did not prescribe any course

15   of treatment.  At the request of the agency, he examined plaintiff and rendered an opinion based

16   on his objective findings.  It is difficult to comprehend how another physican's decision to only

17   prescribe plaintiff conservative treatment would undercut the credibility of Dr. Fieser's findings.

18   It may very well be the case that had Dr. Fieser been plaintiff's treating physician, he would

19   have recommended more aggressive treatment.  Accordingly, the conservative treatment

20   provided by another physician does not provide a basis for questioning the credibility of Dr.

21   Fieser's opinion.

22   Furthermore, the ALJ's conclusory statement that Dr. Fieser's opinion was not supported

23   by the record as whole is also insufficient.  As discussed above, to reject Dr. Fieser's opinion on

24   this basis, the ALJ was required to do more than offer his conclusion.  The ALJ needed to

25   identify contradictory evidence in the record and explain why such evidence undermines Dr.

26   Fieser's opinion.  This the ALJ did not do.  Given the opinion by the treating physician, also

1  rejected by the ALJ it does not appear that there is adequate contradictory evidence in the record

2  to reach such a conclusion.

3          The ALJ also erred in evaluating Dr. Colon's opinion.  The ALJ provided the following

4  explanation as to why Dr. Colon's opinion was only given some weight: "Dr. Colon's statements

5  appear to be at least a slight underestimate of the claimant's exertional capacity, and therefore,

6  the undersigned affords it only some weight."  AR 17.  This amounts to little more than a

7  statement that the ALJ disagrees with the functional limitations assessed Dr. Colon.  Aside from

8  this general disagreement, the ALJ provides no reason why Dr. Colon's examining opinion

9  should not accepted.  Accordingly, the ALJ erred by failing to provide a sufficient basis for

10  rejecting Dr. Colon's opinion.

11         The ALJ erred by failing to provide legally sufficient reasons for rejecting the opinions of

12  plaintiff's examining physicians.  The general rule in this circuit is that "[w]here the

13  Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or

14  examining physician, we credit that opinion 'as a matter of law.'"  *Lester v. Chater*, 81 F.3d 821,

15  834 (9th Cir. 1995).  Dr. Fieser and Dr. Colon reached different conclusions regarding the

16  severity of plaintiff's functional limitations.  Accordingly, the matter must be remanded for

17  further consideration of the medical evidence.  *See Edlund*, 253 F.3d at 1156 ("The ALJ is

18  responsible for determining credibility, resolving conflicts in medical testimony, and resolving

19  ambiguities.") (citations omitted).

20  IV.  CONCLUSION[4]

21         The court finds that the ALJ's failed to apply the proper legal standards in evaluating the

22  medical opinion evidence.  Therefore, IT IS ORDERED that:

23         1.  Plaintiff's motion for summary judgment is granted;

24         2.  The Commissioner's cross-motion for summary judgment is denied;

25
—————————————————

26         [4] As the court finds that remand is necessary to further evaluate the medical evidence of
   record, the court declines to adjudicate plaintiff's additional challenges to the ALJ's decision.

1    3.  The Clerk is directed to enter judgment in plaintiff's favor; and

2    4.  The matter is remanded for further proceedings consistent with this opinion.

3  DATED:  March 29, 2013.

4

5                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26